Stanard, J.
delivered the opinion of the court as follows:
The court is of opinion that the sureties in an administration bond are not to be regarded as sureties for the debts due from the estate, but for the due application of the assets that may come to the hands of the administrator, and that the remedies of such sureties to be relieved from or indemnified against their responsibilities are provided by statute, and such remedies are not impaired or delayed by an appeal of the administrator from a judgment or decree charging him to any one creditor in respect to such assets. The result of any such appeal does not affect the measure of the responsibility of the sureties in the administration bond, because whether the appeal be or be not successfully *467 prosecuted, the responsibility of the sureties, being measured by the assets, is not enlarged or diminished. If the administrator succeeds in such appeal, the assets would be liberated from the claim of the particular creditor, but would still remain liable to other creditors, or to legatees or distributees, and the sureties would remain liable for the application of them to such other creditors, legatees or distributees: if the administrator fails, the liability of the sureties still remains restricted to the measure of the assets, and if those assets be not sufficient to pay the costs and damages on the appeal, in addition to the judgment or decree appealed from, the sureties could not be made responsible therefor. The court is further of opinion that as the sureties have been charged by the judgment at law with the amount of the decree, damages and costs, it must be intended that assets to that amount were in the hands of the administrator, for the due application of which the sureties were responsible; and it cannot be material whether that responsibility be made subservient to the claim of the creditor in this case, or, by a liberation from that claim, left chargeable by other creditors, or legatees and distributees : that the principle of the case of Parsons v. Briddock, and other kindred cases, does not warrant the claim of sureties such as the appellee, to be substituted to the remedy of the creditor on the appeal bond ; and that the decree in this case, founded on such supposed right of substitution, is erroneous. Therefore,
Decree reversed with costs, and bill dismissed.